IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| OFELIA ROSAS-CARLOS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN V. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendants. | Case No.: 6:14-CV-01441-SU<br><br>**OPINION AND ORDER** |

**MCSHANE, Judge:**

Magistrate Judge Patricia Sullivan filed a Findings and Recommendation (ECF No. 18), and the matter is now before this Court. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b). Plaintiff filed objections to the report. Accordingly, I have reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I find no error and conclude the report is correct.

Plaintiff argues that the ALJ failed to give clear and convincing reasons for rejecting her testimony regarding her need to take Vicodin and lie down or recline to relieve pain for periods of several hours, 3–4 times per week. The ALJ's first reason for discrediting Plaintiff's subjective symptom testimony was its inconsistency with her testimony at the hearing. The ALJ placed emphasis on the fact that Plaintiff's need to sleep throughout the day resulted from her taking 3–4 Vicodin per day, as revealed by Plaintiff's own description of the Vicodin's side

1 – OPINION AND ORDER

effects. Tr. 61, 66. While there appears to be some confusion as to the source of for Plaintiff's sleepiness, the ALJ provided additional clear and convincing evidence for rejecting Plaintiff's testimony through reference to Plaintiff's daily activities, including driving her daughter to and from school every day. Plaintiff attacks this reasoning on the basis that an individual taking 3–4 Vicodin per day could ostensibly nap before, between, and after trips to her daughter's school. Although I agree with that assessment, this Court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) (citations omitted). The ALJ provided a rational interpretation in his finding that Plaintiff, by way of engaging in chores and the other daily activities mentioned by the ALJ, is not debilitated by her drowsiness. I uphold the ALJ's decision regarding Plaintiff's testimony.

Plaintiff further argues that the ALJ failed to give legally sufficient reasons for providing little weight to the contradicted opinion of Dr. Martin Hurtado, Plaintiff's treating physician. Dr. Hurtado opined that Plaintiff could lift up to 10–20 pounds with her right arm but not even 5 pounds with her left arm. Tr. 460. Dr. Hurtado also opined, in response to an inquiry as to whether Plaintiff could work a 40-hour work week, that: "If there is a position that does not require repetitive use of both arms (I cannot think of one) then she could work full time." Tr. 461. Dr. Hurtado also opined that Plaintiff would miss, on average, five days of work per month due to her medical symptoms. Tr. 461. The state agency reviewing physician, Dr. Neal Berner, opined that Plaintiff had no limitations to the use of her right arm but could reach overhead with her left arm no more than occasionally, and he found no other limitations that would prevent Plaintiff from working. Tr. 80–81. Because Dr. Hurtado's opinion conflicts with that of Dr. Berner, the ALJ must provide "specific and legitimate reasons that are supported by substantial

2 – OPINION AND ORDER

evidence in the record" to properly accord little weight to Dr. Hurtado's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

The ALJ provides the following reasons for rejecting Dr. Hurtado's testimony: (1) the medical evidence of record substantiated a left shoulder impairment but no medical or diagnostic evidence suggests that Plaintiff's right, dominant arm is anything but fully functional, Tr. 26; (2) no medical evidence in the record suggests that Plaintiff's impairment would cause her to miss an average of more than five work days each month, Tr. 28; (3) Dr. Hurtado's assessment of Plaintiff's right arm was inconsistent with Plaintiff's testimony that, other than basic overuse, she has no limitation on the use of her right arm, Tr. 62, 460; and (4) other treating medical providers opined that Plaintiff could perform work that required limited or no use of her left arm. Tr. 26, 341. These reasons, taken along with the ALJ's recognition of Dr. Hurtado's extended treating relationship with Plaintiff as well as the fact that Dr. Hurtado had not examined Plaintiff for eighteen months prior to the ALJ's decision, constitute clear and convincing reasons supported by substantial evidence in the record for the ALJ's accordance of little weight to Dr. Hurtado's opinion.

In light of the foregoing, Judge Sullivan's Findings and Recommendation (ECF No. 18) is adopted in full.

IT IS SO ORDERED.

DATED this 30 day of Dec, 2015.

_____
Michael J. McShane
United States District Judge

3 – OPINION AND ORDER